IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00164-WYD-KLM

MIKEAL GLENN STINE, and
RAYMOND OECHSLE,

    Plaintiffs,

v.

HARLEY LAPPIN, Director, BOP,
MICHAEL NALLEY, Regional Director, BOP, and
RON WILEY, Warden, ADX, Supermax,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Unopposed Motion to Sever** [Docket No. 53; Filed July 29, 2008] (the "Motion to Sever") and Plaintiff's **Motion to Submit Pleadings With Only the Signature of Plaintiff Stine; and Motion to Seal Due** [sic] **Content Could Endanger Plaintiffs** [Docket No. 46; Filed July 9, 2008] ("Plaintiff Stine's Motion"). The Court has reviewed the Motions, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motions are **DENIED**, as set forth below.

    In their Motion to Sever, Defendants request, and Plaintiffs apparently do not oppose, that this Court "sever" the claims of Plaintiff Stine from the claims of Plaintiff Oeschle. *Motion to Sever* [#53] at 1. Defendants argue that, "[i]n ruling on a defendant's motion to sever, the Court should determine whether the claims arose out of the same

transaction or occurrence as required by Rule 20(a)." *Id.* at 3. Defendants further argue that Fed. R. Civ. P. 21 "authorizes the court to sever claims when joinder of claims is inappropriate . . . ." *Id.*

Whether the two named Plaintiffs are properly joined in this action is governed by Federal Rules of Civil Procedure 20 and 21. Rule 20(a) permits joinder if two independent requirements are met: a right to relief arising from a single occurrence or series of occurrences *and* a common question of law or fact. Fed. R. Civ. P. 20(a). Rule 21 authorizes a court, upon its own initiative or on a party's motion, to drop parties when the claims asserted against them do not arise out of the same transaction or occurrence or do not present some common question of law or fact. *See Sparks v. Foster*, 2006 WL 446081, at *1 (citing Fed. R. Civ. P. 21; Wright, Miller & Kane, *Fed. Prac. And Pro.: Civil 3d* § 1683 (2001)).

Plaintiffs' Complaint, filed pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleges that Defendants are "knowingly incarcerating them under unsafe conditions,"as Plaintiffs believe that a sewage spill "underneath ADX food service and units" occurred approximately five years ago. *Complaint* [#4] at 3. The Court also notes that Plaintiffs have filed a motion for class certification, apparently asserting that the alleged sewage spill affects all prisoners currently incarcerated at ADX, although the Court expresses no opinion as to the merits of the motion. *See Motion for Class Certification* [Docket No. 7; Filed February 21, 2008].

Defendants argue that Plaintiffs' claims have been "misjoined," as the claims did not arise from the same occurrence as required by Rule 20(a). Defendants contend that because Plaintiff Stine was transferred to ADX on October 2, 2006 and Plaintiff Oeschle

was transferred to ADX on August 3, 2007 and had been housed there on two other occasions, the length and effects of any alleged exposure to waste would be different. *Motion to Sever* [#53] at 4. In addition, Defendants argue that as the Plaintiffs are housed in different locations within ADX (both are in D-unit, but apparently housed in different "ranges"), their housing conditions may also affect their alleged exposure to any waste. *Id.*

However, the Court does not find that misjoinder of claims has occurred in this case. Plaintiffs' claims arise out of the same occurrence - an alleged sewage spill at ADX that occurred approximately five years ago. Although the Court is aware that Plaintiffs have been incarcerated at ADX for differing lengths of time, that fact is not dispositive of this motion. Because all claims arise from this single sewage spill, there will almost certainly be overlapping evidence here, and judicial economy (one lawsuit instead of two) is an important consideration. Moreover, there are common questions of fact and/or law involving the presence of sewage, the alleged exposure to such sewage, the alleged effects of such exposure, and the alleged "deliberate indifference" of Defendants to Plaintiffs' exposure to a potential "health hazard." *Complaint* [#4] at 5. As such, the Court does not find that severing Plaintiffs' claims is appropriate, or in the interests of judicial economy or efficiency. Accordingly, IT IS HEREBY **ORDERED** that **Defendants' Unopposed Motion to Sever** [Docket No. 53; Filed July 29, 2008] is **DENIED**.

The Court notes that the Motion to Sever is apparently unopposed by Plaintiffs. Indeed, in Plaintiff Stine's Motion, filed prior to the Motion to Sever, he requests that he be allowed to submit filings in the instant case that bear his signature alone, stating that Plaintiff Oeschle is apparently no longer interested in participating in the case. *Plaintiff*

3

*Stine's Motion* [#46] at 2. Plaintiff Stine further urges the Court to grant Defendants' Motion to Sever. *Id.* However, either Plaintiff is free to voluntarily dismiss his claims pursuant to Fed. R. Civ. P. 41. Therefore, until the time that such a motion to voluntarily dismiss is filed and granted by the Court, all filings submitted to the Court in the instant action must contain each Plaintiff's signature, as one *pro se* plaintiff may not sign or submit materials on behalf of another. *See, e.g.*, *Vibe Technologies, LLC v. Suddath*, 2006 WL 3404811, at *5 (D.Colo. Nov. 22, 2006) (unpublished decision) (citing 28 U.S.C. § 1654). As such, to the extent that the Motion requests that Plaintiff Stine be allowed to file pleadings on behalf of Raymond Oeschle, or that the Court grant the Motion to Sever, Plaintiff's **Motion to Submit Pleadings With Only the Signature of Plaintiff Stine; and Motion to Seal Due Content Could Endanger Plaintiffs** [Docket No. 46; Filed July 9, 2008] is **DENIED**. Further, to the extent that Plaintiff seeks to seal his pleading, the Motion is **DENIED** for failure to comply with D.C.Colo.L.Civ.R. 7.2.

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: August 22, 2008