IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00164-WYD-KLM

MIKEAL GLENN STINE, and
RAYMOND OECHSLE,

    Plaintiffs,

v.

HARLEY LAPPIN, Director, BOP,
MICHAEL NALLEY, Regional Director, BOP, and
RON WILEY, Warden, ADX, Supermax,

    Defendant(s).
_____

**RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Class Certification and Appointment of Counsel** [Docket No. 7; Filed February 21, 2008] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.Colo.LCivR. 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises. No further briefing is necessary to resolution of the Motion.

**I.    Background**

Plaintiffs are inmates at the United States Penitentiary Administrative Maximum ("ADX") in Florence, Colorado. Plaintiffs' Complaint, filed pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleges that Defendants are "knowingly incarcerating them under unsafe conditions,"as

1

Plaintiffs believe that a sewage spill "underneath ADX food service and units" occurred approximately five years ago. *Complaint* [#4] at 3. According to the United States Bureau of Prisons website, ADX currently houses 480 prisoners. *See Weekly Population Report*, Federal Bureau of Prisons, *available at* http://www.bop.gov/locations/weekly_report.jsp (last visited Sept. 3, 2008).

## II.     Motion for Class Certification

Plaintiffs first request that their cause of action be certified as a class action pursuant to Fed. R. Civ. P. 23. *Motion* [#2] at 3. In support, Plaintiffs summarily contend that their action affects "hundreds of inmates" and that there are questions of law and/or fact common to the class. *Id.* at 1.

A party seeking to certify a class bears the "strict" burden of proving that the requirements of Rule 23 have been met. *See Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988); *see also Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378, 381 (D. Colo. 1993). Specifically, Plaintiffs must establish each of the four requirements set forth in Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Cook*, 151 F.R.D. at 381. In addition, a party seeking class certification must establish that the case falls within one of the subcategories provided in Rule 23(b). *Id.*

A district court possess broad discretion in determining whether a suit should proceed as a class action. *Fink v. Nat. Savings and Trust Co.*, 772 F.2d 951, 960 (D.C. Cir.

2

1985). A district court is required to engage in its own "rigorous analysis" into whether the requirements of Rule 23(a) have been satisfied. *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 161 (1982). Finally, although the court "must accept the substantive allegations of the complaint as true, . . . it need not blindly rely on conclusory allegations which parrot Rule 23 and may consider the legal and factual issues presented by plaintiff's complaints." *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004) (internal citations and quotation marks omitted).

Although Plaintiffs do not state the grounds upon which they seek class certification, the Court construes their Motion as seeking certification pursuant to Rule 23(b)(2) and/or (b)(3), which require a showing that Defendants have acted on grounds generally applicable to the class, or that questions of law and fact common to the class predominate over any questions affecting only individual members, making a class action superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(b)(2) and (b)(3).

As a preliminary matter, even assuming that Plaintiffs are able to meet the first three requirements of Rule 23(a), I find that Plaintiffs have not made a sufficient showing to satisfy Rule 23(a)(4), which requires that the class representatives "will fairly and adequately protect the interests of the class." The Tenth Circuit has held that while a *pro se* litigant may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others. *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Caputo v. Fauver*, 800 F.Supp. 168, 170 (D.N.J. 1992) ('Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action") (citations

omitted). The Court also takes note of the logistical and administrative constraints *pro se* inmate litigants experience, which would severely restrict their ability to investigate class claims and contact class members. *See Cook*, 151 F.R.D. at 387 (noting that a factor in determining the adequacy of representation is the class representative's abilities to investigate class claims and contact other class members). Moreover, while the Court is aware that Plaintiffs have requested that counsel be appointed for them, as set forth below, the Court does not find that the complexity of the factual and legal issues raised in Plaintiffs' Complaint warrants the appointment of counsel. Even were Plaintiffs' request for appointment of counsel granted, there is no guarantee that adequate volunteer class counsel would be located. Unless all the requirements of Rule 23(a) are satisfied, a plaintiff may not sue as a representative party. Therefore, Plaintiffs may not maintain this suit as a class action, based upon their lack of legal training and expertise.

Second, Plaintiffs seek injunctive relief in this action, in the form of their requests that environmental remediation of the alleged sewage spill take place and that all prisoners be removed from ADX during the environmental remediation. *Complaint* [#4] at 10. Therefore, as Plaintiffs' Complaint could be construed as seeking relief that would benefit all inmates similarly situated, and as the relief would have the same effect whether the class is certified or not, the Complaint obviates the need for class certification. That is, "[w]here the very nature of the rights [sought to be vindicated] requires that the decree run to the benefit not only of the named plaintiffs but also for all persons similarly situated . . . then it is unnecessary to determine whether a class action is proper." *Cook v. Luckett*, 575 F.Supp. 485, 489 (S. D. Miss. 1983), *judgment vacated on other grounds*, 735 F.2d 912 (5th Cir. 1984); *Hickson v. Burkhart*, 110 F.R.D. 177, 178 (S.D.W.Va. 1986) (holding

that class certification was unnecessary in action brought by inmate where the relief would "inure to the benefit of all inmates similarly situated"); *Whalen v. Wiley*, 2007 WL 433340 at *1 (D. Colo. Feb. 1, 2007) (unpublished decision) (noting that "to the extent that Plaintiff seeks relief that would inure to the benefit of all inmates similarly situated, class certification may not be necessary.").

Considering that a decision on class certification is not irreversible, the Court concludes that certification pursuant to Fed. R. Civ. P. 23 is not appropriate or necessary at this time. Accordingly, I respectfully **RECOMMEND** that to the extent Plaintiffs' Motion [#7] seeks class certification, it be **DENIED WITHOUT PREJUDICE** subject to renewal in the event that circumstances arise that make class certification necessary or appropriate in this litigation.

## II.  Motion to Appoint Counsel

Plaintiffs have also requested that counsel be appointed to represent them. *Motion* [#7] at 2. The Court does not have the power to appoint an attorney without the attorneys' consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent plaintiffs such as these Plaintiffs if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for *pro se* plaintiffs if consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the

factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  A further consideration is whether any special circumstances are present such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications.  *See Rucks*, 57 F.3d at 979.

In this case, Plaintiffs have demonstrated their ability to frame facts and state claims for relief under various constitutional provisions.  Their filings to date indicate that they have a firm grasp of the facts and issues in this case, that they are capable of presenting the case, and have presented their claims adequately.  The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze.   Additionally, the record bears no indication that Plaintiffs have made any efforts to obtain counsel for themselves.   The fact that the Plaintiffs are incarcerated does not warrant the need for volunteer counsel.  The fact of Plaintiffs' incarceration is a normal, not  a special, circumstance in this type of case before this court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel.

Accordingly, based on the foregoing and the entire record herein, IT IS HEREBY **ORDERED** that to the extent Plaintiffs' Motion [#7] seeks the appointment of counsel, it is **DENIED**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve

and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: September 3, 2008