IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00164-WYD-KLM

MIKEAL GLENN STINE, and
RAYMOND OECHSLE,

    Plaintiffs,

v.

HARLEY LAPPIN, Director, BOP,
MICHAEL NALLEY, Regional Director, BOP, and
RON WILEY, Warden, ADX, Supermax,

    Defendant(s).

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Recuse Magistrate Mix** [Docket No. 82; Filed September 11, 2008] (the "Motion"). The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED**, as set forth below.

Plaintiff requests that I recuse myself from his case. Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Plaintiff specifically takes issue with my prior rulings against him. *Motion* [#82] at 2-7. However,

> judicial rulings alone almost never constitute valid basis for a bias or partiality motion. In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance on an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source

> is involved . . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). The test for recusal is an objective one. *United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993). Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is." *Hinman v. Rogers*, 831 F.2d, 937, 939 (10th Cir. 1987). Having examined the instant case and the other cases on my docket where Plaintiff is also a party, I find no reason why my impartiality might <u>objectively</u> or <u>reasonably</u> be questioned in this case.

Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's **Motion to Recuse Magistrate Mix** [Docket No. 82; Filed September 11, 2008] is **DENIED**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: September 18, 2008