IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00164-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

HARLEY LAPPIN, Director, BOP,
MICHAEL NALLEY, Regional Director, BOP, and
RON WILEY, Warden, ADX, Supermax,

    Defendant(s).
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion** [sic] **the Court to Take Judicial Notice of Defense Counsel Misleading the Court in Pleadings** [Docket No. 117; Filed October 28, 2008] (the "First Motion") and Plaintiff's **Motion for Judicial Notice of Plaintiffs** [sic] **Attempt to Resolve Discovery Issues with Defense Counsel** [Docket No. 124; Filed November 10, 2008] (the "Second Motion"). The Court has reviewed the Motions, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motions are **DENIED**, as set forth below.

Plaintiff requests that the Court take judicial notice of several documents submitted by Plaintiff that purport to establish wrongdoing on the part of Defendants' counsel and/ or Plaintiff's "good faith attempts" to resolve certain discovery disputes. *See, e.g., Second Motion* [#124] at 1. Specifically, in his First Motion, Plaintiff alleges that in Defendants'

Motion for an Extension of Time [Docket No. 107; Filed October 20, 2008], Defendants stated that they had sought to confer with Plaintiff regarding the Motion for Extension and had not received a response as of October 20, the date of that Motion. Plaintiff alleges that this statement is false, and contends that Defendants did not attempt to confer with him until October 21, 2008, a day after their Motion for Extension was filed. As proof, Plaintiff submits the conferral letter sent to him by Defendants, upon which Plaintiff has handwritten the date of October 21, 2008. *First Motion* [#117] at 4. Therefore, Plaintiff requests that the Court take judicial notice of the "bold faced lie" allegedly committed by Defendants. *Id.* at 2. In his Second Motion, Plaintiff alleges that he served discovery on Defendants on October 3, 2008, and that he had not received the discovery by the deadline of November 6, 2008. *Second Motion* [#124] at 1. In his Second Motion, Plaintiff apparently requests that the Court take judicial notice of his "good faith attempts" to resolve discovery disputes "without need of courts [sic] assistance," as he attaches a letter he purportedly sent to Defendants in an attempt to resolve the discovery dispute. *Id.*

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is a means by which facts can be established as true in a court of law, without the normal requirements of proof by evidence. In order for a fact to be judicially noticed pursuant to Rule 201, "indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995). That is, judicial notice should be exercised with great caution – the matter noticed must be of common and

general knowledge, and it must be authoritatively settled and free from doubt or uncertainty. *See, e.g., Lussier v. Runyon*, 50 F.3d 1103 (1st Cir. 1995); *Korematsu v. United States*, 584 F.Supp. 1406, 1415 (N.D. Cal. 1984) ("Care must be taken that Rule 201 not be used as a substitute for more rigorous evidentiary requirements and careful fact finding.").

The Court notes that the documents submitted by Plaintiff as proof of either the wrongdoing of Defendants or the "good faith" efforts of Plaintiff either contain Plaintiff's handwriting or were written by Plaintiff. Therefore, the Court cannot verify that the documents were actually mailed or received by Plaintiff on the dates that he alleges. As such, the alleged wrongdoing of Defendants is not verifiable by this Court, and is certainly not indisputable. Accordingly, the Court cannot take judicial notice of either the authenticity or the content of the documents provided by Plaintiff, as they are neither generally known nor indisputable. *See, e.g, Murakami v. United States*, 46 Fed. Cl. 731, 739 (Fed. Cl. 2000) (Court could not take judicial notice of documents in possession of plaintiff's father, and affidavit authored by plaintiff's father, as they were neither generally known nor indisputable).

Accordingly, IT IS HEREBY **ORDERED** that the Plaintiff's **Motion** [sic] **the Court to Take Judicial Notice of Defense Counsel Misleading the Court in Pleadings** [Docket No. 117; Filed October 28, 2008] and Plaintiff's **Motion for Judicial Notice of Plaintiffs** [sic] **Attempt to Resolve Discovery Issues with Defense Counsel** [Docket No. 124; Filed November 10, 2008] are **DENIED**.

BY THE COURT:  
\_\_s/ Kristen L. Mix_____  
United States Magistrate Judge

Dated: December 4, 2008