IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00164-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

HARLEY LAPPIN, Director, BOP,
MICHAEL NALLEY, Regional Director, BOP, and
RON WILEY, Warden, ADX, Supermax,

    Defendant(s).
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Emergency Motion for T.R.O./Preliminary Injunction** [Docket No. 9; Filed March 12, 2008] (the "Motion"). The Court must construe the Motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motion, Defendants' Amended Response [Docket No. 127; Filed November 19, 2008], Plaintiff's Reply [Docket No. 128; Filed November 25, 2008], the exhibits submitted by Plaintiff in support of his Motion[1] [Docket

---

[1] At the Preliminary Scheduling Conference held on October 2, 2008, I denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction filed August 25, 2008 [Docket No. 65] on the grounds that it was only signed by Plaintiff Stine, but purported to seek relief for both Plaintiff Stine and Plaintiff Oeschle, and other non-parties. However, I further ordered that the exhibits attached to Docket No. 65 would be considered by the Court in ruling on Plaintiff's instant Motion for Temporary Restraining Order and Preliminary Injunction.

1

No. 65; Filed August 25, 2008], the entire case file, and applicable case law and is sufficiently advised in the premises. As set forth below, I respectfully **RECOMMEND** that the Motion [Docket No. 9] be **DENIED**.

**I.    Background**

This is a *pro se* prisoner civil rights case brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in which Plaintiff[2] generally alleges that Defendants are knowingly incarcerating him in unsafe conditions due to an alleged contamination of the ventilation system at his facility. *Complaint* [#4] at 4.   Plaintiff is currently incarcerated at the U.S. Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado.

In his Motion, Plaintiff alleges that he has been exposed to hazardous waste, raw sewage and medical waste via the ventilation system. *Motion* [#9] at 1. He states that the alleged contamination has caused him to suffer from burning in his eyes, skin and lungs, headaches, and vomiting. *Id.* at 2. Plaintiff requests that he be relocated to another facility until the facility remedies the allegedly dangerous conditions. *Id.* at 3.

**II.    Motion for Preliminary Injunction**

Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Comm'ns Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D.Colo. 2001) (citing 11A

---

[2] The Court notes that the Complaint, and the Motion, were originally filed by both Plaintiff Stine and Plaintiff Raymond Oechsle. However, Plaintiff Oeschle filed a Motion to voluntarily dismiss his claims on October 8, 2008 [Docket No. 98], and this Motion was granted by Chief Judge Daniel on October 10, 2008 [Docket No. 103]. Accordingly, the Court does not consider any arguments related to Raymond Oeschle, as he is no longer a party to this lawsuit.

Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951 (2d ed.1995)). While Plaintiff states that he seeks both a temporary restraining order and a preliminary injunction, because he gave notice to Defendants, the Court analyzes his motion under the standards for a preliminary injunction. Fed. R. Civ. P. 65(a)(1).

### A.     Standard for Issuance of a Preliminary Injunction

A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) there is a substantial likelihood of success on the merits of his claims; (2) the party will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Id.* In typical cases, if the plaintiff "can establish that the latter three requirements tip strongly in his favor, the test is modified, and the plaintiff may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1255-56 (10th Cir. 2003) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).

However, there are three types of disfavored injunctions where the modified test does not apply. That is, "[b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we

3

have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." *Schrier*, 427 F.3d at 1258-59 (internal quotation marks and citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259. Parties who seek a disfavored injunction "are not entitled to rely on the modified likelihood-of-success-on-the-merits standard." *Id.* at 1261. "Instead, a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms . . . ." *Id.* Finally, injunctions are only issued "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

## B.     Analysis of Preliminary Injunction Sought by Plaintiff

Plaintiff requests both that prison officials at ADX be forced to remedy the allegedly dangerous conditions, and that he be relocated to another facility until the allegedly dangerous conditions are remedied. *Motion* [#9] at 3. The relief requested by Plaintiff necessarily subjects his Motion to careful scrutiny because he seeks all three types of relief which are disfavored pursuant to clearly-established law. Plaintiff not only seeks to alter the status quo and to obtain all of the relief that he could recover at a trial on the merits except money damages, he also seeks a mandatory injunction. A preliminary injunction

4

is classified as mandatory if the relief "affirmatively requires the nonmovant to act in a particular way, and as a result . . . places the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 979 (10th Cir. 2004) (internal quotation marks and citations omitted). For these reasons, the injunctive relief sought by Plaintiff "constitutes a specially disfavored injunction" that "must be more closely scrutinized." *Schrier*, 427 F.3d at 1259, 1261. Plaintiff must "make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms . . . ." *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Therefore, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Plaintiff states that the alleged contamination

5

causes his eyes, lungs and skin to burn, as well as headaches and vomiting. *Motion* [#9] at 2. Plaintiff also points to a medical record that states that Plaintiff had a radiology report which suggested emphysema. *Reply* [#128] at 9. However, Plaintiff has provided nothing other than his conclusory assertions to link the medical finding suggesting emphysema to the alleged contamination present at ADX. That is, there is no evidence submitted by Plaintiff that suggests that Plaintiff's emphysema can plausibly be related to any alleged contamination present in the air at ADX. In addition, even taking all of Plaintiff's allegations together and construing them in the light most favorable to him, Plaintiff has not demonstrated that his alleged injuries are "certain, great, actual 'and not theoretical.'" *Heideman*, 348 F.3d at 1189. Therefore, Plaintiff has not alleged any harm that is more than "merely serious or substantial" harm, and cannot meet his burden for this prong of a preliminary injunction. *Id.*

Next, even if Plaintiff could demonstrate some injury, he must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. Plaintiff has not addressed or demonstrated whether the alleged harm to him outweighs the potential damage the injunction may cause Defendants or whether an injunction would be adverse to the public interest. Plaintiff has failed to meet his burden regarding these two requisite elements.

Finally, Plaintiff must make a strong showing that he has a substantial likelihood of success on the merits of his claim. *Schrier*, 427 F.3d at 1258. Plaintiff's motion for injunctive relief is based on his claim that his Eighth Amendment rights have been violated,

6

as Plaintiff alleges, *inter alia*, that prison officials have knowingly subjected him to dangerous prison conditions by allowing him to be exposed to hazardous materials. *Complaint* [#4] at 3-7. To succeed on an Eighth Amendment claim for failure to protect, a plaintiff must demonstrate that objectively, he is incarcerated under conditions that pose a substantial risk of serious harm, and that subjectively, prison officials were deliberately indifferent to his safety. *See, e.g., Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006). In addition, "[m]ere negligence does not constitute deliberate indifference; deliberate indifference is equivalent to recklessness in this context." *Id.* (quoting *Verdicia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003)).

As a preliminary matter, the Court notes that Plaintiff has submitted an internet article titled "Inside Florence Supermax: Priorities and Contaminated Air," that contains information regarding sewage contamination beneath the ventilation systems at ADX. *See* Exhibit 2 [#128 at 8]; *see also* Erin Rosa, *Inside Florence Supermax: Priorities and Contaminated Air*, The Colorado Independent, Sept. 25, 2007, http://coloradoindependent.com/2728/inside-florence-supermax-priorities-and-contaminated-air. However, pursuant to Federal Rule of Evidence 801, hearsay, *i.e.*, an out-of-court statement offered for its truth, is not admissible evidence. The statements contained within the article are clearly hearsay, as they are out-of-court statements offered by Plaintiff to prove the truth of his claims, or that there is contamination of the ADX ventilation systems that is causing harm to the inmates. *See, e.g., New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 650 (10th Cir. 1989) (recognizing that the trial court properly excluded statements in a newspaper article that were offered to prove the truth of the matter asserted). Further,

7

none of the exceptions to hearsay appear to apply to Plaintiff's article. *See* Fed. R. Evid. 801(d)(1) & (2); Fed. R. Evid. 803. Accordingly, the Court finds it likely that the statements in Plaintiff's internet article are inadmissible hearsay, and therefore are not of assistance in proving the merits of his claims.

Second, other than his inadmissible internet article, Plaintiff provides no other evidence other than his own bare, conclusory assertions. For example, Plaintiff states that "Defendants knew of condition and took no corrective action, and in fact have attempted to cover-up by placing another hazardous material (lime) to cover smell . . . ." *Motion* [#9] at 3. However, Plaintiff's conclusory allegations are insufficient to prove that he is incarcerated under conditions that pose a substantial risk of serious harm, or that Defendants were deliberately indifferent to his safety. *See Hall*, 935 F.2d at 1110 (holding that a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v. NFL, Inc.*, No. 07-cv-02186-MSK-MJW, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (unpublished decision) (holding that unverified, conclusory allegations will not support a motion for injunctive relief). As such, I find that the likelihood of success on the merits of Plaintiff's claim of deliberate indifference brought pursuant to the Eighth Amendment is sufficiently in doubt.

Accordingly, as Plaintiff has failed to satisfy the four prerequisites to obtaining a preliminary injunction, I respectfully **RECOMMEND** that Plaintiff's **Emergency Motion for T.R.O./Preliminary Injunction** [Docket No. 9; Filed March 12, 2008] be **DENIED**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve

and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: December 4, 2008