IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00164-WYD-KLM

MIKEAL GLENN STINE

        Plaintiff,

v.

HARLEY LAPPIN, Director, BOP,
MICHAEL NALLEY, Regional Director, BOP, and
RON WILEY, Warden, ADX, Supermax,

        Defendants.

**ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Emergency Motion for T.R.O. / Preliminary Injunction [doc. #9; filed March 12, 2008]. A general Order of Reference referring the case to Magistrate Judge Mix was issued May 1, 2008. Magistrate Judge Mix issued a Recommendation on December 4, 2008 [doc. #134], which is incorporated herein by reference. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Mix recommends therein that Plaintiff's Motion be denied due to Plaintiff's failure to satisfy the four prerequisites to obtaining a preliminary injunction. A party requesting a preliminary injunction must clearly establish that: (1) there is substantial likelihood of success on the merits of his claims; (2) the party will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Schrier v. Univ. of*

*Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  Because Plaintiff seeks a disfavored injunction, Plaintiff must make a strong showing with regard to the likelihood of success on the merits and the balance of harms.  *Id.* at 1259-61.

With regard to irreparable harm, Plaintiff has provided no evidence linking the alleged contamination present in the air at ADX to his emphysema, nor has he demonstrated that his alleged injuries are "certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).  With regard to likelihood of success on the merits, Plaintiff has offered no admissible evidence supporting his Eighth Amendment claim for failure to protect, which requires demonstrating that his conditions of incarceration posed a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety.  *See, e.g.*, *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006).  His conclusory allegations are insufficient to satisfy this claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   Plaintiff has not addressed or demonstrated whether the alleged harm to him outweighs the potential damage the injunction may cause Defendants or whether an injunction would be adverse to the public interest.

Magistrate Judge Mix advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation.  Despite this advisement, no party filed any objections to the Recommendation.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem [] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167

(10th Cir. 1991); see also *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record." See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Mix that the Plaintiff has failed to satisfy the four prerequisites to obtaining a preliminary injunction. Accordingly, it is hereby

ORDERED that the Recommendation of the United States Magistrate Judge dated December 4, 2008 [doc. #134], is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Emergency Motion for T.R.O. / Preliminary Injunction [doc. #9; filed March 12, 2008] is **DENIED**.

Dated: February 25, 2009.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge