IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00164-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

HARLEY LAPPIN, Director, BOP;
MICHAEL NALLEY, Regional Director, BOP; and
RON WILEY, Warden, ADX, Supermax,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Amend Complaint and Renewed Motion to Recuse Magistrate Judge Mix [doc. #90, filed September 25, 2008]. In his Motion, Plaintiff seeks to amend his Complaint to add Magistrate Judge Kristen L. Mix as a defendant, and he also asks that she recuse herself from this case. Defendants filed a response on October 15, 2008 [doc. #105]. Plaintiff did not file a reply. On October 2, 2008, Magistrate Judge Mix held a hearing and denied the portion of the motion requesting recusal [doc. #97]. I note that she had already denied a motion for recusal on September 18, 2008 [doc. #86]. For the reasons stated below, I deny the remaining part of the Motion.

Plaintiff's Motion centers on Magistrate Judge Mix's delay in addressing his Motion for T.R.O. / Preliminary Injunction, filed March 12, 2008 [doc. #9]. On December 4, 2008, Magistrate Judge Mix recommended that the Motion be denied [doc. #134],

and I affirmed and adopted her Recommendation on February 25, 2009 [doc. #152]. Plaintiff argues, "Magistrate Mix['s] inactions to abate known serious health risks due [to] the exposure Plaintiff Stine was being incarcerated under makes her an 'accessory after the fact' and liable for injury to Plaintiff."

Pursuant to Federal Rule of Civil Procedure 15(a), a court should allow a party to amend its pleadings "when justice so requires." Such a grant of leave is within the discretion of the trial court. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S 321, 330 (1971)). Refusal to grant leave to amend is justified by reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Minter*, 451 F.3d at 1204 (quoting *Foman v. Davis*, 371 U.S. 178, 227 (1962)).

I find that justice does not require amendment in the present case, due to futility. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001). Amendment of the Complaint would be futile, because it is based on facts arising while this case was pending, not on the factual allegations underlying his Complaint. A six-month delay in issuing a recommendation does not provide the basis for a judge to be added to a complaint alleging abuse by prison officials through exposure to hazardous materials. Finally, in my Order affirming Magistrate Judge Mix's recommendation to

deny Plaintiff's motion for a temporary restraining order, I noted the lack of clear error in her recommendation to deny the motion and agreed with her basis for denying the motion.  Plaintiff does not have a valid claim against Magistrate Judge Mix, and accordingly I find that amendment of his Complaint would be futile.  It is hereby

ORDERED that Plaintiff's Motion to Amend Complaint and Renewed Motion to Recuse Magistrate Judge Mix [doc. #90, filed September 25, 2008] is **DENIED** insofar as Plaintiff requests leave to amend the Complaint.

Dated:  February 25, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge